UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 3:19-CR-45-DPJ-LRA

BRAXTON DONTREL BURNS

ORDER

Defendant Braxton Dontrel Burns wants to withdraw his guilty plea. For the following reasons, his motion [36] is denied.[1]

I. Background

On August 19, 2019, a grand jury returned a superseding indictment charging Burns with being a felon in possession of a firearm. As discussed more fully below, Burns entered a knowing and voluntary guilty plea on September 13, 2019. After receiving the Presentence Investigative Report (PSR), Burns announced his desire to withdraw his plea and proceed to trial.

II. Analysis

Federal Rule of Criminal Procedure 11(d)(2)(B) allows a defendant to withdraw a guilty plea if he or she can "show a fair and just reason for requesting the withdrawal." Whether such a reason exists is decided under the following non-exclusive *Carr* factors:

> (1) whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources; and, as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion.

---

[1] Burns's attorney previously filed a Motion to Withdraw as counsel [30], which he withdrew at a September 9, 2019 motion hearing.

*United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984). "The *Carr* factors are considered for the totality of the circumstances, and the district court is not required to make a finding as to each individual factor." *United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009).

In this case, Burns generally says that despite his sworn testimony admitting guilt, he is actually innocent. He also explains that he entered his plea with the belief that the guideline range would be much lower than the one contained in the PSR. These reasons are not sufficient under *Carr*.

### A. Claimed Innocence

There are two problems with Burns's recently professed innocence: (1) he offers no proof of innocence and (2) his argument contradicts his sworn statements in open court. To begin, "a defendant's assertion of actual innocence alone, without supporting evidence, is insufficient to warrant allowing withdrawal under *Carr*." *United States v. Harrison*, 777 F.3d 227, 235 (5th Cir. 2015). Burns offers no evidence to support his belated profession of innocence, and his claim is undermined by the fact that he made it only after discovering that the PSR recommended a higher than expected guideline range.

Next, Burns gave voluntary, informed, and under-oath admissions of guilt during his plea hearing. Burns agreed that he fully understood the charges against him. Plea Tr. [37-1] at 7. He then stated that he was knowingly and voluntarily agreeing to plead guilty because he was in fact guilty. *Id.* at 14. He also said he fully understood the essential elements of the offense. *Id.* at 20–21. And finally, Burns acknowledged that he understood the Government's proffered facts and agreed with them. *Id.* at 24. All this occurred before he entered his guilty plea. *Id.*

"Such '[s]olemn declarations in open court carry a strong presumption of verity,' which is untouched by [Burns's] unsworn statements" professing his innocence. *United States v.*

2

*Martinez*, 672 F. App'x 475, 476 (5th Cir. 2017) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)); *see also United States v. Ehrman*, 777 F. App'x 778, 779 (5th Cir. 2019) ("Ehrman's proffered evidence, at best, supports a theory of defense but does not demonstrate that he is actually innocent of the charged fraud or overcome his solemn declarations, made under oath, that he is factually guilty."). His admissions also demonstrate that the plea was knowingly and voluntarily made. These factors weigh heavily against Burns.

B. Prejudice

While the Government would obviously face the burden of proving a now somewhat older case at trial, it did not directly address prejudice. That said, an absence of evidence of prejudice is not "sufficient to mandate permission to withdraw a plea when, as here, no credible reason is proffered." *United States v. Rasmussen*, 642 F.2d 165, 168 n.6 (5th Cir. 1981).

C. Delay

Burns entered his guilty plea on September 13, 2019, and then waited nearly two and one-half months to file his motion. Numerous Fifth Circuit cases have found that similar delays weighed heavily against the defendant. *See Ehrman*, 777 F. App'x at 779 ("His more than three-month delay in moving to withdraw is significant under our precedents."); *United States v. Langenberg*, 772 F. App'x 174, 174 (5th Cir. 2019) ("[G]iven that Langenberg informed the court of his desire to change his plea approximately three months after his guilty plea, the court's finding that Langenberg's motion was delayed is not error."); *Harrison*, 777 F.3d at 237 (finding that *Carr*'s third factor did not weigh in defendant's favor where he "did not file his withdrawal motion until more than five weeks after pleading guilty"); *United States v. Thomas*, 13 F.3d 151, 153 (5th Cir. 1994) (finding a "six-week delay between entry of the plea and the motion to

3

withdraw is significant"); *Carr*, 740 F.2d at 345 (finding motion not promptly filed due to twenty-two-day delay).

        D.      Substantial Inconvenience to the Court and Waste of Judicial Resources

There is no doubt that granting this motion would inconvenience the Court. Preparing for and conducting a jury trial is obviously more time consuming and disruptive to the docket than a single sentencing hearing. Moreover, the United States Probation Office has already expended considerable resources investigating the case, meeting with counsel, interviewing Burns, and preparing the PSR.

        E.      Close Counsel

The Court is firmly convinced that Burns received close counsel. To begin, Burns was represented by an experienced and highly skilled attorney who has an excellent reputation with the Court. Moreover, during the plea hearing, Burns confirmed that he was "satisfied with the amount of time [he'd] had to spend with [his] attorney, . . . with the amount of time that [his] attorney spent on [his] case, . . . [and] with the counsel, representation, and advice given to [him] in this case by Mr. Rich." Plea Tr. [37-1] at 7.

Finally, counsel explained in the present motion the considerable steps taken to properly advise Burns regarding his decision to enter a guilty plea. In *United States v. Silva*, the court found that this factor weighed against the defendant where "counsel negotiated a plea agreement, filed motions, discussed the case with defendant, explained defendant's rights and the weight of the evidence, and where defendant expressed satisfaction with counsel." 787 F. App'x 247, 249 (5th Cir. 2019). The same is true here. This factor weighs against Burns's motion.

F. Reason for Delay

Burns seems to address this factor by arguing in rebuttal that he changed his mind after reading the PSR and discovering the recommended guideline range. While there seems to be no dispute that the range was substantially higher than the parties and the probation officer initially expected, that is not a valid basis for withdrawing his plea.

During the plea hearing, Burns confirmed that it was his intent to change his plea despite knowing that the guideline and ultimate sentence might be very different than his attorney's estimates:

> THE COURT: I would expect that Mr. Rich may have given you some estimates about what your guideline range might be, but I want to make sure that you understand that there's a long process that we'll all go through with the probation officer to determine what the actual guideline range is. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand that the actual guideline range could be very different from any estimate that your attorney gave you?
>
> THE DEFENDANT: Yes, sir.
>
> . . . .
>
> THE COURT: And again, your attorney may have given you some estimates about what the ultimate sentence might be, but I want to make sure that we're all clear that you desire to change your plea, knowing that the sentence could be up to ten years in prison. Do you understand?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And do you agree with all of that?
>
> THE DEFENDANT: Yes, sir.

Plea Tr. [37-1] at 17–18.

And as for the reason itself, the Fifth Circuit faced a similar issue in *United States v. Dennis*, where the defendant moved to withdraw his guilty plea after reading the PSR and

5

learning that his attorney had underestimated the guideline range and potential sentence. 631 F. App'x 267 (5th Cir. 2016). The Fifth Circuit affirmed denial of the motion to withdraw the guilty plea:

> When denying Dennis's request to withdraw his guilty plea, the district court addressed each of the *Carr* factors and concluded that the totality of the circumstances weighed in favor of the Government. The district court emphasized that Dennis had acknowledged his guilt during his arraignment and later merely asserted his innocence without providing a substantial showing. *See United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009). The district court also noted that Dennis had the close assistance of counsel when he pleaded guilty, was thoroughly questioned during his plea colloquy, and filed his withdraw request nearly three months after his guilty plea.

*Dennis*, 631 F. App'x at 268. The facts here are similar to those in *Dennis*. Applying the *Carr* factors, the Court finds Burns has not shown "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). His motion is denied.

III.    Conclusion

For the foregoing reasons, Burns's Motion to Withdraw Guilty Plea [36] is denied; the Motion to Withdraw as Attorney [30] was previously withdrawn. The parties are directed to contact Courtroom Deputy Shone Powell to set the case for a sentencing hearing.

**SO ORDERED AND ADJUDGED** this the 9th day of January, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE